# MAYERSON & ASSOCIATES

330 WEST 38TH STREET, SUITE 600 • NEW YORK, NEW YORK 10018
PHONE (212) 265-7200 • FAX (212) 265-1735 • EMAIL: ADMIN@MAYERSLAW.COM

WWW.MAYERSLAW.COM

July 31, 2009

**VIA ECF, EMAIL AND REGULAR MAIL**

Hon. Richard J. Sullivan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        RE:    **J.N., by his parents, H.N. and M.N. v. New York City Department of Education  Docket No. 09-cv-00020**

Dear Judge Sullivan,

      We represent the plaintiffs-appellants in this IDEIA based appeal. We are writing to respond to the new arguments raised in Defendant's July 23, 2009 Reply Memorandum of Law.

      Defendants claim that Exhibits H and I should be excluded as untimely, unauthenticated, and irrelevant. In fact, just the opposite is true. We respectfully submit to Your Honor the July 17, 2009 transcript of sworn testimony from Julie Fisher, Director of the Charter School, expressly authenticating Exhibit H. We ask that Your Honor consider these "authenticating" transcript pages as part of our submission to this Court.

      Exhibit H, a document that is properly an "additional evidence" document that was not previously disclosed to us, is a relevant document establishing that the NYCDOE's position that students at the Charter School do not "need" any related services because of an "embedded" classroom "model" at the Charter School is simply not true. This documentation shows, for roughly 80% of the students, that defendant has been providing quite *intensive* levels of "related services" outside of the Charter School through "Related Service Authorizations," and that this "shadow" system of service delivery is the actual "model" that defendant and the Charter School have been following in practice.

      We received this document only in the context of J.N.'s 2008-2009 impartial hearing and were unable to submit them as part of plaintiffs' earlier filings. Moreover, under Rule 26, defendant should have voluntarily disclosed such documents to us as they are highly relevant to the core issues on appeal.

Defendant next argues that a Burlington/Carter analysis does not apply because the Charter School is a "public school" placement and not a unilateral private school placement chosen by plaintiffs. Defendant also asserts that a pendency placement is not entitled to a Burlington/Carter analysis. These arguments must fail.

First, the Charter School is an approved school, but it is not a typical NYCDOE public school placement. Students, like J.N., must "win the lottery" in order to secure a placement at the Charter School; this is unlike any other public NYCDOE placement. Second, it is plaintiffs' position on this appeal that for J.N., the Charter School placement was an appropriate *component* of a FAPE, but that continuation of J.N.'s related services, etc. was needed to provide a FAPE. J.N. is entitled to a Burlington/Carter analysis for all related services secured by his parents which were and continue to be "reasonably calculated" for J.N. to make "meaningful progress."

20 U.S.C. § 1415 (i) gives this Court broad discretionary powers and states:

> The Court…basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415 (i) (C) (iii).

Plaintiffs maintain that J.N.'s pendency entitlements of SEIT and other related services, coupled with the Charter School, offered J.N. a "reasonably calculated" educational program. We are simply asking this Court, pursuant to 20 U.S.C. § 1415(i), to exercise its power to issue appropriate declaratory relief.

Respectfully,

Gary S. Mayerson

cc:   Janice Casey Silverberg, Esq.
      Janice Birnbaum, Esq.
      Assistant Corporation Counsel
      New York City Law Department
      100 Church Street - Room 2-182
      New York, NY 10007

      H.N. and M.N. (J.N.'s parents)

DEPARTMENT OF EDUCATION
Of the
CITY OF NEW YORK

------------------------------X

In the Matter of:

JONATHAN NEWHOUSE          Case No.: 120294

------------------------------X

District #2
131 Livingston St.
Brooklyn, NY 11201

Friday
July 17, 2009

The above-entitled matter came on for hearing at 10:00 a.m.

BEFORE:   NANCY LEDERMAN,
          Impartial Hearing Officer

A P P E A R A N C E S:

For the Student:

GARY MAYERSON, Attorney
NAOMI BERGER, Intern
HOWARD NEWHOUSE, Parent
MICHELLE NEWHOUSE, Parent
MARJORIE RAPPAPORT, Speech Provider (Via Telephone)
RIKA KANAZAWA, Head Teacher, NYCA (Via Telephone)
JULIE FISHER, Director, NYCA (Via Telephone)
GAIL MERYFIELD, Speech Pathologist (Via Telephone)

For the Department of Education:

JOSHUA FEUER, Attorney
JACQUELINE DEVORE, Attorney

I N D E X

| WITNESS | DIRECT | CROSS | RE DIRECT | RE CROSS | V. D. | IHO |
|---|---|---|---|---|---|---|
| M. Rappaport | 432 | 497 | 518 | 535 | | 595 |
| R. Kanazawa | 545 | 558 | 581 | 590 | | |
| J. Fisher | 611 | 623 | 630 | | | |
| G. Meryfield | 645 | 665 | 688 | 690 | | |

E X H I B I T S

| PARENT | DESCRIPTION | I.D. | IN EV. |
|---|---|---|---|
| S | New York City Charter School Related Services Delivered As Of 12/17/08, 2 pgs. | 622 | 623 |
| V | Curriculum Vitae for Gail Meryfield, 5 pgs. | 648 | 648 |

| DEPARTMENT OF EDUCATION | DESCRIPTION | I.D. | IN EV. |
|---|---|---|---|
| 14 | IEP dated 3/26/09, 47 pgs. | 633 | 633 |

Ubiqus/Nation-Wide Reporting & Convention Coverage
22 Cortlandt Street – Suite 802, New York, NY 10007
Phone: 212-227-7440 * 800-221-7242 * Fax: 212-227-7524

RECEIVED JUL 29 2009

610

```
 1   if--
 2        (OFF THE RECORD)
 3        (ON THE RECORD)
 4        HEARING OFFICER LEDERMAN: Okay. Let's
 5   go back on the record. All right. Mr. Mayerson,
 6   you're calling the witness?
 7        MR. MAYERSON: Yes.
 8        MR. FEUER: Recalling.
 9        MR. MAYERSON: Recalling Julie Fisher.
10        HEARING OFFICER LEDERMAN: Okay. Ms.
11   Fisher, hi.
12        MS. JULIE FISHER: Hi.
13        HEARING OFFICER LEDERMAN: How are you
14   doing?
15        MS. FISHER: Good. How are you?
16        HEARING OFFICER LEDERMAN: Okay. You
17   are still under oath.
18        MS. FISHER: Okay.
19        HEARING OFFICER LEDERMAN: So I'm not
20   going to give you all the instructions again.
21   I'm sure you remember them or you'll pick them up
22   if we need them.
23        MS. FISHER: Yes.
24        HEARING OFFICER LEDERMAN: And I'm just
25   going to let Mr. Mayerson ask you the questions
```

Ubiqus/Nation-Wide Reporting & Convention Coverage

611

```
 1   that he has. And then Mr. Feuer may ask you some
 2   questions after.
 3        MS. FISHER: Okay.
 4        MR. FEUER: And just briefly for the
 5   record, although, obviously, the reference to the
 6   document is over my objection, and the recalling
 7   of the witness is also over my objection, just
 8   for the record.
 9        HEARING OFFICER LEDERMAN: Oh, is that
10   right? I didn't know that.
11        MR. FEUER: Well, no, I had, well, I
12   discussed, first of all, calling of the witnesses
13   we called today via subpoena for cumulative. And
14   I think you're generally only entitled to only
15   one bite of the apple. And so I'm sorry, I
16   thought it was discussed at some point. But if
17   not--
18        HEARING OFFICER LEDERMAN: (Interposing)
19   Okay.
20        MR. FEUER: --please note my objection.
21        HEARING OFFICER LEDERMAN: Okay. Noted.
22   Go on, Mr. Mayerson.
23        MR. MAYERSON: Thank you. Ms. Fisher,
24   we'll try to just stay focused on this one.
25        HEARING OFFICER LEDERMAN: Ms. Fisher,
```

612

1  do you have any documents in front of you?
2      MS. FISHER: I believe, I have the
3  related service delivery chart that--
4      HEARING OFFICER LEDERMAN: (Interposing)
5  Okay. Could you read to me the title at the top
6  of the page of that?
7      MS. FISHER: It says, NYCA Charter
8  School Related Services Delivered As Of 12/17/08.
9      HEARING OFFICER LEDERMAN: That's it,
10 okay. Go on, Mr. Mayerson.
11     MR. MAYERSON: Okay. My first question
12 is, is this document or spreadsheet or whatever
13 you want to call it, is this something that comes
14 from the files and records of the New York City
15 Charter School?
16     MS. FISHER: From our school, yes.
17     MR. MAYERSON: Okay. And do you know
18 who prepared this document?
19     MS. FISHER: Yes.
20     MR. MAYERSON: Who did?
21     MS. FISHER: Susan Michaelson
22 (phonetic), who is our quality assurance manager.
23     MR. MAYERSON: Okay. And do you know
24 what documents, if any, Ms. Michaelson used in
25 order to prepare this document?

Ubiqus/Nation-Wide Reporting & Convention Coverage
22 Cortlandt Street - Suite 802, New York, NY 10007
Phone: 212-227-7440 * 800-221-7242 * Fax: 212-227-7524

613

1      MS. FISHER: Individualized Education
2  Plans for each of the students.
3      MR. MAYERSON: Okay. And since this
4  time, has the Charter School continued to
5  maintain records of this type to track the RSAs
6  issued per IEP, and what related services
7  students at your school are receiving after
8  school through the DOE?
9      MS. FISHER: Yes.
10     MR. MAYERSON: Okay. At any time during
11 the 2008-2009 school year, at any time, did you--
12 was there ever an instance where you needed--you
13 felt compelled to turn to Marjorie Rappaport to
14 discuss any specific speech and language issues
15 that Jonathan Newhouse had?
16     MR. FEUER: Objection. Beyond the scope
17 of--well, first of all, he offered what he was
18 going to be calling her for.
19     HEARING OFFICER LEDERMAN: Yes. Mr.
20 Mayerson, we were calling--
21     MR. MAYERSON: (Interposing) Okay.
22     HEARING OFFICER LEDERMAN: We had
23 recalled this witness, and I had allowed it, just
24 for purposes of this chart--
25     MR. MAYERSON: I'm sorry. Let me

Ubiqus/Nation-Wide Reporting & Convention Coverage
22 Cortlandt Street - Suite 802, New York, NY 10007
Phone: 212-227-7440 * 800-221-7242 * Fax: 212-227-7524

614

1  withdraw the question.
2       HEARING OFFICER LEDERMAN: If you have
3  questions concerning this chart, I might allow
4  those over Mr. Feuer's objection. But let's--but
5  not questions outside--
6       MR. MAYERSON: (Interposing) All right.
7  Do you know--
8       HEARING OFFICER LEDERMAN: --the four
9  corners of these pages.
10      MR. MAYERSON: Okay. On Page 2 of the
11 document in question, which is Exhibit S in our
12 binder, and I'm not sure if yours has an S or
13 not, but there's a notation under Jonathan
14 Newhouse's name; no services recommended,
15 appealing IHO decision. Who, if anyone, gave the
16 writer of this, the information that there was a
17 litigation or that there was an appeal of an IHO
18 decision, to be able to put on this document?
19      MS. FISHER: I have no idea.
20      MR. MAYERSON: Okay. Is Ms. Michaelson
21 still employed by the Charter School?
22      MS. FISHER: She is.
23      MR. MAYERSON: Okay. May I just put the
24 witness on mute? Because I want to ask a
25 question, and I don't want to say it until I

1  clear it with the Hearing Officer--
2       HEARING OFFICER LEDERMAN: (Interposing)
3  Okay. Okay. Ms. Fisher, we're going to put you
4  on hold for a moment.
5       MS. FISHER: Okay.
6       HEARING OFFICER LEDERMAN: Okay. Is she
7  on hold? No? Yes?
8       MR. MAYERSON: I'll just do that, it's
9  easier. Hello, Julie, can you hear me? No, she
10 can't. I wanted to ask this witness, and subject
11 to your ruling, whether or not the whole system
12 of related services is changing at the Charter
13 School as of September to make provision for
14 those related services to be delivered at the
15 Charter School starting in September. That would
16 be my question.
17      HEARING OFFICER LEDERMAN: All right.
18 Let me--are you going to object to that?
19      MR. FEUER: Yeah. Well, and you
20 sustained the objection previously when Mr.
21 Mayerson asked the same question. And so I would
22 object for the same reasons.
23      HEARING OFFICER LEDERMAN: Okay. And
24 you can argue it to me a little more, but I'm
25 going to sustain the objection.